United States District Court
Southern District of Texas
**ENTERED**
April 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JEXIS CAROLINA BELTRAN MENDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-03216 |
| | § | |
| ORLANDO PEREZ, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Jexis Carolina Beltran Mendez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C §2241 (ECF No. 1) and Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (ECF No. 6). For the reasons that follow, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion.

### I.    BACKGROUND

Respondents did not dispute the following facts. Petitioner is a non-citizen from Nicaragua who entered the United States without inspection in 2024. ECF No. 6 at 2. After initial entry, she was taken into custody and served with a Notice to Appear charging her as being removable under INA 212(a)(6)(A)(i). *Id.* She was subsequently released on her own recognizance. *Id.* Petitioner has a pending application for asylum. ECF No. 1 at 3.

1 / 4

While released, Petitioner complied with all conditions. *Id.* Nonetheless, Respondents re-detained Petitioner at a routine ICE check-in appointment. *Id*. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.    ANALYSIS

Petitioner argues that her re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates her procedural due process rights, it declines to address the additional reasons that Petitioner believes her continued detention is unlawful.

The Court recently addressed a similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result in this case. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

## III.    RELIEF

The Court **ORDERS** as follows.

1.  Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of her prior order of release on recognizance.

2.  Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her attorney **no less than three hours** prior to her release from custody.

3.  Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4.  Respondents must provider Petitioner with a copy of this Order.

5.  Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **<u>on or before May 4, 2026,</u>** informing the Court of the status of Petitioner's release and Respondents' compliance with the notification and return of personal property requirements outlined above. Respondents must also inform the Court of any conditions imposed upon Petitioner and demonstrate that those conditions are consistent with the terms of her prior order of release on recognizance.

Signed at Houston, Texas on April 29, 2026.

Keith P. Ellison
United States District Judge